Warren Norred, Texas State Bar No. 24045094
Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendant Jesse Waylon Tatum

# United States Bankruptcy Court

## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| **In re Jesse Waylon Tatum,** | Case No. 19-45113-elm7 |
| Debtor | Chapter 7 |
| **James Anderson,** | |
| Plaintiff | Adversary No. 20-04027 |
| **Jesse Waylon Tatum,** | |
| Defendant | Judge Edward L. Morris |

### JESSE WAYLON TATUM'S POST-TRIAL MEMORANDUM

Defendant Jesse Waylon Tatum ("Defendant") files this post-trial memorandum in connection with the enforceability of the county court's exemplary damages awarded in Plaintiff's favor. The defendant would show the following:

1.  This Court is not required to give the county court's award of exemplary damages preclusive effect, because the Plaintiff's default judgment contains a fundamental error on its face.

2.  On April 10, 2019, the Tarrant County Court at Law No. Three awarded James Anderson a final judgment for exemplary damages of $90,000 against Defendants Jesse Tatum and Rodrigo Hernandez *jointly and severally*. By awarding exemplary damages jointly and severally the

county court exceeded its statutory authority. The Texas Practices and Remedies Code expressly requires exemplary awards to be specific as to each defendant:

> AWARD SPECIFIC TO DEFENDANT.  In any action in which there are two or more defendants, *an award of exemplary damages must be specific as to a defendant*, and each defendant is liable only for the amount of the award made against that defendant.

Tex. Prac. & Rem. Code § 41.006 (emphasis added).

3.     Texas law recognizes the *fundamental error doctrine* whereby a trial court's judgment is considered void whenever the trial court exceeds its constitutional, statutory, or jurisdictional authority.  The Texas Supreme Court recognizes that it is "both the province and the duty" to consider errors that are truly fundamental, such as "an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 511 (Tex. 2018).

4.     Under the fundamental error doctrine, a judgment is void when it is shown that the trial court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex.2010). Moreover, a void judgment can be collaterally attacked at any time. *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012).

5.     "[C]ompliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional." *See In re Erickson*, 208 S.W.3d 737, 741 (Tex. App.—Texarkana 2006) (*citing Threatt v. Johnson*, 156 S.W. 1137, 1139 (Tex. Civ. App.—Texarkana 1913, no writ). Any attempt by the trial court to exercise its capacity to render a damage award without compliance with express statutory jurisdictional provisions is a nullity. *See id.*

6. Here, the county court exceeded its jurisdiction and capacity to act as a court when it entered a judgment in violation of section 41.006 of the Tex. Prac. & Rem. Code. The county court was required under statute to award exemplary damages specifically as to each defendant which it failed to do. The county court had no capacity, by statute or any other authority, to render judgment against Tatum and Rodrigo *jointly and severally*. Because the county court awarded exemplary damages in a manner violating the express terms of its statutory authority, the judgment is void as to the exemplary damages the court awarded.

7. A bankruptcy court is not required to enforce a void judgment against a debtor, especially where the state law would not preclude a review of the jurisdictional limits under Texas's fundamental error doctrine. As pointed out above, a void judgment may be collaterally attacked at any time. *In re E.R.*, 385 S.W.3d at 566.

8. The Full Faith and Credit Act does not prevent this Court from reviewing the judgment because, as discussed above, state courts are permitted to review and consider void judgments. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are only required to "'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Baker v. General Motors Corp.*, 522 U. S. 222, 246 (1998) (*quoting Kremer v. Chemical Constr. Corp.*, 456 U. S. 461, 466 (1982). Thus, this Court is not precluded from exercising a review of the county court's judgment under Texas's fundamental error doctrine.

9. Similarly, the Fifth Circuit has recognized that the Rooker-Feldman doctrine does not preclude a federal court's review of a void state court judgment. *See Burciaga v. Deutsche Bank*

*Nat'l Trust Co.*, 871 F.3d 380, 385 (*citing United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)).

10. A federal bankruptcy court may intervene when the state proceedings are void. *Kalb v. Feuerstein*, 308 U.S. 433 (1940). As one court explained:

> "A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. . . . Sound jurisprudential reasons underlie this concept. Because a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests."

*In re James*, 940 F.2d 46, 52 (3d Cir. 1991).

11. Here, the county court violated its statutory authority in rending exemplary damages *jointly and severally* against Tatum and Rodrigo. The county court failed to comply with the limitations set out in section 41.006 of the Tex. Prac. & Rem. Code. The judgment's exemplary damages award was therefore null and void. See *In re Erickson*, 208 S.W.3d at 741. Under the fundamental error doctrine, a reviewing court has the duty to correct errors "which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *See USAA Tex. Lloyds Co.*, 545 S.W.3d at 511. Nothing in state law nor federal law prevents this Court from vacating the void aspect of the judgment against Tatum, because doing so is "merely a formality and does not intrude upon the notion of mutual respect for federal-state interest." *In re James*, 940 F.2d at 52.

12. Because the exemplary damages awarded by the county court violated the jurisdictional limits under section 41.006, this Court should vacate the exemplary damages awarded against Tatum.

Respectfully submitted,

Norred Law, PLLC

By: /s/Clayton L. Everett
Clayton L. Everett,
Texas State Bar No. 24065212
clayton@norrredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Jesse Waylon Tatum

**CERTIFICATE OF SERVICE** - I hereby certify that a true and correct copy of the foregoing document was served on Craig D. Davis, Counsel for Plaintiff, through the Court's e-filing system according to the Federal Rules of Civil Procedure on February 24, 2022.

/s/ Clayton L. Everett
Clayton L. Everett